IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00715-DSC

| | |
|---|---|
| LATESSIA Y. SMITH-WINE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND ORDER** |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY , ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #8) and Defendant's "Motion for Summary Judgment" (document #11), as well as the parties' briefs and exhibits.

The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and these Motions are ripe for disposition.

The Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, the Court will <u>deny</u> Plaintiff's Motion for Summary Judgment; <u>grant</u> Defendant's Motion for Summary Judgment; and <u>affirm</u> the Commissioner's decision.

**I. PROCEDURAL HISTORY**

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on December 20, 2020. She assigns error to the Administrative Law Judge's formulation of her Residual Functional Capacity.[1] Specifically she assigns error to the ALJ's failure to evaluate her pursuant to SSR 18-3p (for claimants found disabled, the ALJ must consider whether failure to follow treatment recommendations contributes to inability to work), failure to consider her RFC during the entire period at issue, and his evaluation of the opinions from her treating physicians, Doctors William Delp, Barry Scanlan and Megan Donnelly. Plaintiff also argues that substantial evidence does not support her RFC, citing the pain she suffered from her neurological impairments, left-sided trigeminal neuralgia and Bell's Palsy. See Plaintiff's "Memorandum ..." at 5-23 (document #8-1).

## II. DISCUSSION

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v.

---

[1] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

The question before the ALJ was whether Plaintiff became disabled at any time.[2] Plaintiff challenges the ALJ's determination of her RFC. The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR96-8p, available at 1996 WL 374184, at *2. The ALJ must also "include a

---

[2] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months…
> Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and non-medical evidence." Id.

Plaintiff has the burden of establishing her RFC by showing how her impairments affect her functioning. See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-06-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

In Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), the Fourth Circuit held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." 780 F.3d at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)). This explicit function-by-function analysis is not necessary when functions are irrelevant or uncontested. An ALJ may satisfy the "function-by-function" requirement by referencing a properly conducted analysis by State agency medical consultants. See Settlemyre v. Colvin, No. 5:14-CV-00199-MOC, 2015 WL 5457950, at *4 (W.D.N.C. Sept. 16, 2015); Linares v. Colvin, No. 5:14-CV-00120, 2015 WL 4389533, at *3 (W.D.N.C. July 17, 2015) ("Because the ALJ based his RFC finding, in part, on the function-by-function analysis of the State agency consultant, the ALJ's function-by-function analysis complied with SSR 96-8p.) (citing Lemken v. Astrue, No. 5:07-CV-33-RLV-DCK, 2010 WL 5057130, at *8 (W.D.N.C. July 26, 2010); Onishea v. Barnhart, 2004 WL 1588294, at *1 (5th Cir. July 16, 2004)). The ALJ's RFC determination

here is supported by substantial evidence including Plaintiff's testimony, medical records and treatment history.

The Court has carefully reviewed the record, the authorities and the parties' arguments. The ALJ determined that although Plaintiff did not always take her medication as prescribed and failed to follow two of her specialists' recommendations, she remained capable of performing a range of light work. Accordingly, SSR 18-3p is inapplicable.

Plaintiff argues the ALJ primarily relied on evidence from the time after her date last insured. The ALJ's analysis of Plaintiff's functional limitations included the entire record. (Tr. 23-35). The ALJ engaged in a well-reasoned and thorough discussion of the medical records and Plaintiff's subjective complaints. Id.

Plaintiff assigns error to the ALJ's evaluations of opinions by Doctors Delp, Scanlan, and Donnelly. Under the regulations applicable to claims filed prior to March 27, 2017, an opinion from a treating source on the nature and severity of a claimant's impairments may be given controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence in the record. See 20 C.F.R. § 416.927(c)(2); Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996).

The ALJ considered Dr. Delp's January 18, 2017 opinion letter. The ALJ noted that Dr. Delp's treatment notes indicated that Plaintiff experienced severe but intermittent pain that improved with medication. (Tr. 29, 34-35, 836). Dr. Delp's opinion was not entirely consistent with his examination of Plaintiff. Days before faxing the letter, he performed a physical examination that was essentially normal. (Tr. 28, 852). The ALJ explained that Dr. Delp's opinion was contradicted by Dr. Frankel's opinion. (Tr. 30, 819-20). While Dr. Delp was Plaintiff's long-time primary care provider, Dr. Frankel was a specialist. (Tr. 31).

Plaintiff argues that the ALJ should have given greater weight to opinions from Doctors Scanlan and Donnelly and less weight to the opinion of Dr. Eric Deshales. The ALJ discussed that Dr. Scanlan did not begin treating Plaintiff until after her date last insured and the length and frequency of Dr. Donnelly's treatment of Plaintiff's was unclear. (Tr. 33). Consistent with Doctors Frankel and Levitt's recommendations, Dr. Deshales initially recommended radiosurgical intervention to treat Plaintiff's symptoms prior to the date last insured. (Tr. 27, 907, 1003). Later, Dr. Deshales determined that medical management relieved Plaintiff's symptoms with few side effects, a conclusion consistent with Plaintiff's improved symptoms. (Tr. 27, 29-33, 547, 823, 841, 869, 907, 1003).

The ALJ explained why the opinions of the State agency consultants were persuasive. Two State agency medical consultants and two State agency psychological consultants reviewed the evidence through August 2017 and determined Plaintiff was not disabled. (Tr. 142-46, 159-64). The ALJ concluded that those opinions were entitled to great weight because Plaintiff's imaging studies, physical examinations, and treatment history supported their opinions which were also consistent with one another. (Tr. 34-35).

The ALJ found that Plaintiff had the RFC to perform:

> light work as defined in 20 CFR 404.1567(b) except she can occasionally climb ladders, and she should avoid concentrated exposure to hazards such as unprotected heights and dangerous machinery.

(Tr. 25-26). The ALJ included those limitations in the hypothetical posed to the V.E. (Tr. 76). The ALJ applied the correct legal standards. His conclusions that Plaintiff could perform her past relevant work as a broker, life agent, and securities trader and was not disabled is supported by substantial evidence.

## III. ORDER

**NOW THEREFORE IT IS ORDERED:**

1. Plaintiff's "Motion for Summary Judgment" (document #8) is **DENIED**; Defendant's "Motion for Summary Judgment" (document #11) is **GRANTED**; and the Commissioner's decision is **AFFIRMED.**

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED.**

Signed: October 29, 2021

David S. Cayer
United States Magistrate Judge